UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

IULIANA BONDAR p.k.a YULIANA
BONDAR,

               Plaintiff,

  - against -

LASPLASH COSMETICS a.k.a.
SPLASH COSMETICS, JON DAVLER,
INC., DAVID BYUN, and DAVID BYUN
CREATIVE, INC.

              Defendants.

------------------------------------------------------- X

**MEMORANDUM OPINION
AND ORDER**

12 Civ. 1417 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

I. INTRODUCTION

Iuliana Bondar moves for reconsideration of the portion of this Court's December 11, 2012 Opinion and Order that dismissed her New York Civil Rights Law Section 51 ("Section 51") claim against defendants.[1] For the reasons that follow, the motion is denied.

---

[1] *See Bondar v. LASplash Cosmetics*, No. 12 Civ 1417 2012 WL 6150859, at *1 (S.D.N.Y. Dec. 11, 2012). Familiarity with the facts of the case is presumed.

-1-

## II. MOTION FOR RECONSIDERATION STANDARD

Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court.[2] "A motion for reconsideration is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[3] Further, "[t]ypical grounds for reconsideration include 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"[4] Yet, because "the purpose of Local Rule 6.3 is to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional

---

[2] *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[3] *Medisim Ltd. v. BestMed LLC*, No. 10 Civ 2463, 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)).

[4] *Gucci America, Inc. v. Guess?, Inc.*, No. 09 Civ. 4373, 2011 WL 6326032, at *1 (S.D.N.Y. Dec. 16, 2011) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

matters,'"⁵ the Rule must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."⁶

## III. THE CURRENT MOTION

### A. Background

Bondar seeks reconsideration of the dismissal of her New York Civil Rights Law Section 51 claim as time-barred.⁷ In the submissions prior to the Opinion and Order dismissing this claim, both parties focused on whether Bondar's face had been used in connection with a new *product*. Both parties agreed that, if Bondar's face had been so used, this would toll or reset the statute of limitations. In the Opinion and Order, the Court stated that:

> "The relevant inquiry is [] whether LASplash's March 2011 use of Bondar's image in its advertising—fourteen months after their original use of her image—was a republication, *not* whether LASplash's new product was a republication. The republication exception applies when the subsequent

---

⁵ *Medisim*, 2012 WL 1450420, at *1 (quoting *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008)).

⁶ *United States v. Treacy*, No. 08 Cr. 0366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation omitted).

⁷ *See* Memorandum of Law in Support of Plaintiff's Motion for Reconsideration and Reargument ("Recon. Mem.") at 1.

publication: '(1) is intended for and reaches a new audience, or (2) materially changes or modifies the original.'[8]

Ultimately, the Court concluded that there was no "republication" of Bondar's image for limitations purposes, because her image was not materially changed, and because "[f]or all intents and purposes, it appears that the target audiences of all of LASplash's advertisements were the same: consumers of cosmetics."[9]

In her motion for reconsideration, Bondar argues that there was a republication of her image on April 9, 2011, because Bondar's image was allegedly used in connection with the promotion of LASplash products at a trade show attended by industry professionals. In particular, Bondar argues that because industry professionals are not "consumers of cosmetics," they are a "new audience," and, as such, the use of Bondar's image at the trade show constituted a republication.[10]

### B. This Motion for Reconsideration Is Without Merit

---

[8] *Bondar v. LASplash Cosmetics*, No. 12 Civ. 1417, 2012 WL 6150859, at *8 (S.D.N.Y. Dec. 11, 2012) (quoting *Pearce v. Manhattan Ensemble Theater, Inc.*, No. 06 Civ. 1535, 2009 WL 3152127, at *8 n. 8 (S.D.N.Y. Sept. 30, 2009)).

[9] *Id.*

[10] Recon. Mem. at 3.

This motion is without merit. Bondar has not cited any overlooked facts or controlling precedent. And the cases she cites are inapposite. Furthermore, she appears to have attached *new* exhibits. Relatedly, some of the exhibits she relies on were previously attached to her moving papers, not the Fourth Amended Complaint, and she once again requests the Court to take "judicial notice" of them. (She has tried this maneuver before). In any event, all the new exhibits show is that Bondar's image was used at a trade show, a fact explicitly addressed in the Opinion.[11]

In support of this motion, Bondar cites three cases:[12] *Pearce v. Manhattan Ensemble Theater, Inc.*;[13] *Geary v. Town Sports International Holding Inc.*;[14] and *Rinaldi v. Viking Penguin, Inc.*[15] The plaintiff in *Pearce* was an actress who sued a theater producer for allegedly incorporating her name and likeness without her consent in a number of "deal memos" promoting the show Golda's

---

[11]   *See Bondar*, 2012 WL 6150859, at *2 ("[T]he Complaint alleges that '[Within the year of Bondar filing her complaint] [d]efendants . . . have featured Bondar's image for the first time *to promote new products and merchandise at trade shows* . . .") (quoting Complaint ¶ 42) (emphasis added).

[12]   *See* Recon. Mem. at 2-3.

[13]   No. 06 Civ. 1535, 2009 WL 3152127 (S.D.N.Y. 2009).

[14]   870 N.Y.S.2d 846 (Sup. Ct. N.Y. Co. 2008).

[15]   52 N.Y.2d 422 (1981).

Balcony, a one-act play about Golda Meir. The court ultimately dismissed the plaintiff's Section 51 claim, but stated in dicta that "[d]efendants sent deal memos to seven theaters on January 17, 2005. On March 8, 2005[] Defendants sent a deal memo to a new theater in St. Louis, Missouri. This constitutes republication because the memo was intended [for] and did reach a new audience."[16]

This case is distinguishable from *Pearce* in that LASplash used Bondar's image in advertisements to a diffuse group of consumers, including in several national magazines. In *Pearce*, the deal memos were used only in the specific theaters, each of which was in a distinct geographic region. The other cases cited by Bondar are equally unavailing. In *Geary*, the court held that a separate and wider audience viewed the images of the plaintiff on a website than had viewed those images in a chain of sports bars.[17] Here, if anything, a *wider* audience viewed Bondar's photos prior to the trade show. Finally, *Rinaldi* merely states the rule that a softcover edition of a hardcover book constitutes a republication in the *libel* context.[18] This is the genesis of the republication rule in the Section 51 context. However, it is hard to see its relevance to this motion.

---

[16]   *Pearce*, 2009 WL 3152127, at *8 n.7.

[17]   *See Geary*, 870 N.Y.S.2d at 848.

[18]   *See Rinaldi*, 52 N.Y.2d. 422 at 433-34.

In sum, none of the cases cited by Bondar present a colorable argument that the Court's Opinion and Order should be revisited, much less present controlling authority to that effect. It should have been obvious from the Opinion and Order that Bondar's photos had previously been disseminated to beauty professionals, insofar as they appeared in national advertisements in magazines widely subscribed to by beauty professionals. And Bondar does not explain why beauty professionals are not "consumers of cosmetics."

Bondar has not pointed to new facts that were previously unavailable; instead, she points to a fact that was considered by the Court. She does not point to controlling precedent; instead, she points to *non*-controlling precedents that lend little support, if any, to her position. For these reasons, her motion for reconsideration is denied.

## IV.  CONCLUSION

For the reasons stated above, Bondar's motion for reconsideration is denied. The Clerk of the Court is directed to close the motion (Docket No. 53).

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            January 2, 2013

## -Appearances-

**Counsel for Plaintiff:**

Carlos M. Carvajal, Esq.
HARTMAN & ASSOCIATES
1515 Broadway, 11th Floor
New York, New York 10036
(212) 520-4296

**Counsel for Defendants:**

**David Byun and David Byun Creative, Inc.**

Richard De Palma, Esq.
Emily J. Mathieu, Esq.
Gabrielle Y. Vazquez, Esq.
THOMPSON HINE LLP
335 Madison Avenue, 12th Floor
New York, New York 10017
(212) 344-5680

**LASplash Cosmetics and Jon Davler, Inc.**

Alan F. Kaufman, Esq.
MCKENNA LONG & ALDRIDGE LLP
230 Park Avenue, Suite 1700
New York, New York 10169
(212) 905-8348